UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Darren Starr

    v.                                      Case No. 04-cv-002-SM

Warden of the Northern
NH Correctional Facility,
John Vinson, Esq., Sue Young,
Dana Hoyt, and Phil Stanley,

**O R D E R**

Counsel for Attorney Schwarzer again moves the court to reconsider an order issued by the magistrate judge in this case. See 28 U.S.C. § 636(b)(1)(A).

On April 21, 2005, this court vacated a previous order imposing sanctions under Fed. R. Civ. P. 37(a)(4)(A), because the sanction was based upon a factually erroneous conclusion - that defendants were late in responding to a motion to compel discovery, when they were not late.  The court also ruled the order unsupportable to the extent it appeared to find that defendants' counsel had violated Rule 3.4(d) of the New Hampshire Rules of Professional Conduct, because that finding (if it was a finding) also seemed to be based, in part, on the erroneous

conclusion that counsel failed to file a timely response to the motion to compel; because the "finding" was not relevant to imposition of a Rule 37 sanction; and because it was based upon a conclusion - that a "pattern" of neglect existed - which was not supported by this record.

After the order was vacated, the motion to compel discovery was again taken up by the magistrate judge.  By order dated April 25, 2005, he found it moot, the requested discovery having already been produced.  Nevertheless, he reimposed monetary sanctions under Fed. R. Civ. P. 37, based upon defendants' failure to answer plaintiff's interrogatories in a timely manner in the first place, thus requiring plaintiff to file the motion to compel answers.  Once again, however, the magistrate judge referred to Rule 3.4(d) in a manner that might be taken as a finding of professional misconduct.

Defendants did fail to make timely disclosure of requested discovery.  Accordingly, sanctions were properly imposed under Rule 37(a)(4)(A).  Sanctions could have been avoided had the magistrate judge found that the late disclosure was, in the words

of Rule 37, either "substantially justified," or that "other circumstances make an award of expenses unjust." The magistrate judge's order, however, was not framed in terms of Rule 37. He wrote:

> Counsel has not shown good cause for the delay in answering interrogatories <u>nor demonstrated that she made a reasonably diligent effort to comply with a legally proper discovery request</u> . . . . <u>See</u> N.H. Rules of Professional Conduct, Rule 3.4(d).

Order, April 25, 2005 (emphasis supplied).

Although she is not a party to this litigation, and has withdrawn as counsel to defendants, Attorney Schwarzer still has standing, in her own right, to seek review of the order, at least to the extent the language used implies a finding of an ethical violation, or constitutes a reprimand. <u>See, e.g.</u>, <u>Young, et al. v. City of Providence, et al.</u>, 404 F.3d 33, 38 n.3 (1st Cir. 2005); <u>In Re Williams</u>, 156 F.3d 86 (1st Cir. 1998).

Having carefully reviewed the matter, I find Schwarzer's objection valid. To avoid sanctions under Rule 37, the defendants had to show either that the delay in answering

3

interrogatories was "substantially justified," or that "other circumstances make an award of expenses unjust."  Fed. R. 37(a)(4)(A).  Defendants did not do so.  The magistrate judge, in fact, found that defendants' counsel, Attorney Schwarzer, had not "shown good cause for the delay in answering interrogatories."  While not expressed in Rule 37 terms, that finding is, nevertheless, substantively equivalent to a finding of no substantial justification or mitigating circumstances.  Defendants have accepted that ruling, and have paid the modest monetary sanction imposed.

   Attorney Schwarzer's personal objection is a limited one.  She challenges the following specific language in the magistrate judge's order:  ". . . nor [has Attorney Schwarzer] demonstrated that she made a reasonably diligent effort to comply with a legally proper discovery request . . . .  See N.H. Rules of Professional Conduct, Rule 3.4(d)."  Of course, Attorney Schwarzer was not obligated to make such a showing, for several apparent reasons.  First, Rule 37 does not require such a showing.  Attorney Schwarzer's failure to mount a Rule 3.4(d) defense does not warrant the imposition of Rule 37 sanctions, nor

4

would such a defense necessarily preclude sanctions under Rule 37.  The different rules speak to different issues.  And, of course, Attorney Schwarzer was not obligated to defend herself, in the Rule 37 context, against an ethical violation charge that had not been brought against her.[1]

To the extent the April 25 order conflates the differing provisions of Rule 3.4(d) and Fed. R. Civ. P. 37(a)(4)(A), it applies a clearly erroneous legal standard in resolving the Rule 37 issue.  To the extent it bases the imposition of discovery sanctions under Rule 37 in part upon a failure to defend against a charge of professional misconduct that had not been asserted (i.e., violation of Rule 3.4(d)), it is also clearly erroneous.  To the extent the reference represents a distinct, and appealable, sanction (i.e., a reprimand) for violation of Rule 3.4(d) (as opposed to constituting mere passing criticism) the court has already held that it is unsupported by this record (it is doubtful, for example, that every untimely discovery disclosure constitutes sanctionable professional misconduct, and

---

[1] Both this court and the New Hampshire Supreme Court have enacted specific processes for adjudicating allegations of professional misconduct.  See, e.g., Local Rule 83.5, DR-6.

this record does not disclose a "pattern" of neglect in that regard).  Finally, to the extent the reference was intended merely to provide guidance with respect to counsel's professional obligations, it is set out in a way that might be mistaken for a judicial finding of actual misconduct, and ought, for that reason, to be modified to prevent unintended harm to Attorney Schwarzer's professional reputation.  It is not entirely clear what the reference to Rule 3.4(d) was meant to convey, and that ambiguity itself counsels in favor of striking it.

### Conclusion

The motion to reconsider is granted.  The Order of April 25, 2005, is affirmed in substance, but the following words are stricken:  "nor demonstrated that she made a 'reasonably diligent effort to comply with a legally proper discovery request . . . .'  See N.H. Rules of Professional Conduct, Rule 3.4(d)."

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 3, 2005

cc: Darren Starr, pro se
    Mary E. Maloney, Esq.
    Emily G. Rice, Esq.